1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  DENNIS M. GONZALES, State Bar No. 59414
   dgonzales@lbaclaw.com
3  NATHAN A. OYSTER, State Bar No. 225307
   noyster@lbaclaw.com
4  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
5  Glendale, California  91210-1219
   Telephone No. (818) 545-1925
6  Facsimile No. (818) 545-1937

7  Attorneys for Defendants
   County of Los Angeles, Sheriff Leroy D. Baca,
8  Deputy David Aviles, Deputy Miramontes,
   and Deputy David Ortega
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13 | EVANS TUTT,                         ) Case No. CV 11-06126 SJO (AGRx)
                                         )
14 |        Plaintiff,                   ) Honorable Alicia G. Rosenberg
                                         )
15 |    vs.                              ) **PROTECTIVE ORDER**
                                         ) **GOVERNING CONFIDENTIAL**
16 | COUNTY OF LOS ANGELES, et al.,      ) **INFORMATION PRODUCED**
                                         ) **DURING DISCOVERY**
17 |        Defendants.                  )
                                         ) *[Stipulation for Protective Order filed*
18 |                                     ) *concurrently herewith]*
                                         )
19 |_____)

20

21       Having reviewed and considered the Parties' Stipulation for Protective

22 Order, good cause showing therein, IT IS SO ORDERED:

23       1.    Reserved.

24       2.    Reserved.

25       3.    Reserved.

26       4.    Reserved.

27       5.    <u>Good Cause Statement and Confidential Materials.</u>  Defendants and

28 Plaintiff have agreed that the below-listed documents shall be designated

1

confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are protected by the Official Information Privilege or are otherwise privileged and confidential. This will be accomplished by affixing to such document or writing a legend, such as "Confidential", "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect.  Documents and writings so designated, hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order.  Documents, writings and things to be designated as such, include the following:

   a) Any Los Angeles County Sheriff's Department ("LASD") Internal Affairs investigation documents including but not limited to, tape recorded interviews, compelled statements of peace officers, complainants, and other witnesses, supporting documentation, listings and transcripts and photographs; and

   b) Any personnel file(s), background hiring materials or complaints and complaint investigations of any former or current LASD employee, including, but not limited to performance evaluations, commendations, training records, prior personnel complaints, disciplinary information, compensation information, and information regarding an officer's off-duty time (i.e., vacation time, sick days, time off, etc.).

  6. <u>Challenging Designation of Confidential Materials.</u>  At any time after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the Disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this Protective Order and the basis for the Receiving Parties' objection.  Upon receipt of such a written objection, the Disclosing Parties shall provide a written response to the Receiving Parties within three business days.  If the Disclosing Parties do not agree with the position of the Receiving Parties, the Receiving Parties shall have the option of

proceeding with a discovery motion, pursuant to Local Rule 37 *et. seq.*, contesting the confidential nature of the disputed documents. The parties shall comply with the meet and confer requirements of Local Rule 37 *et. seq.* prior to the filing of any such motion. The Disclosing Parties shall bear the burden of establishing the confidential nature of the disputed documents.

    7. <u>Reserved.</u>

    8. <u>Confidential Information.</u>  This protective order shall apply to all Confidential Information, produced by Defendants to the Plaintiff, the Receiving Party. The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Defendants in this matter; originals and copies of relevant documents responsive to the Plaintiff's requests for production of documents obtained from Defendants in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, or referred to. The Confidential Information shall be subject to this Protective Order as follows:

    9. <u>Storage Of Confidential Information.</u>  Immediately upon production by the Disclosing Party, attorneys for the Receiving Party shall personally secure and maintain the Confidential Information in their possession. The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

    10. <u>Confidential Information Legend.</u>  All documents containing Confidential Information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    11. <u>Limitation Of Use Of Confidential Information.</u> Attorneys for the Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the

disclosure permitted under the terms and conditions of this Order. Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 14 and 15 of this Order.

12. <u>Testimony Regarding The Confidential Information.</u> In the case of depositions, any party may designate all or any portion of the deposition testimony given in this litigation as Confidential Information orally during the deposition. Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this Order. Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information. The provisions of Paragraph No. 6 shall govern any dispute regarding whether deposition testimony should be treated as Confidential Information.

13. <u>Inadvertent Disclosure.</u> If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend. In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the party had already disseminated the Confidential Information to any person, the party will notify all such persons in writing of the need to return such Confidential Information and not to further disseminate it.

14. <u>Limitations On The Non-Litigation Use Of Confidential Information.</u> The secrecy and confidentiality of the Confidential Information exchanged during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action entitled. Specifically, the Receiving Party may not use such documents,

records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications.  The Receiving Party is prohibited from placing any of the Confidential Information on the internet.

15. <u>Court Filings.</u>  If necessary in the judgment of attorneys for Receiving Parties, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5.

16. <u>Other Persons Authorized To Review Confidential Information.</u>  The Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order.  Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information.  Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in Paragraph No. 17 below, and comply with the provisions of that section.  Plaintiff shall be authorized to review Confidential Information, subject to the limitations set forth in Paragraph No. 18.

17. <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of any Confidential Information to any person described above, attorneys for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute the following acknowledgment:

> "I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the

handling, use and disclosure of each Confidential Document. I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:  _____ /s/_____"

This written requirement applies to, but is not limited to, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party's counsel to assist in the preparation and/or the litigation of this action. The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

18. <u>Plaintiff's Possession of Materials.</u>  Plaintiff may not have possession of any Confidential Information, or material derived therefrom, during any period of incarceration in jail or prison. Further, Plaintiff's attorneys or agents may not share any of the Defendants' personal identification information with Plaintiff.

19. <u>No waiver of objections.</u>  Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order. Nor do Defendants waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this order.

20. <u>Subpoena for Confidential Information.</u>  In the event that the Receiving Party receives a subpoena, discovery request, or other legal process

seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Disclosing Party.  The Receiving Party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a Court Order requiring such production.

   21. <u>Modification.</u>  For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

   22. <u>Return of Confidential Information.</u>  No more than thirty (30) calendar days after the conclusion of this case the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 17 of this Order, to the Disclosing Party care of:

>Nathan A. Oyster, Esq.
>Lawrence Beach Allen & Choi, PC
>100 West Broadway, Suite 1200
>Glendale, California 91210-1219;

   Alternatively, the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the Receiving Party shall send a signed declaration stating that such material has been destroyed pursuant to this protective order.

   This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for

any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

23. <u>Survivability of Order.</u>  This Stipulation and Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.

IT IS SO ORDERED.

Dated:  December 27, 2011          _____
Honorable Alicia G. Rosenberg
United States Magistrate District Judge